OLF3 *(Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | Case No.: **18-30961** |
| **Jonathan M. Rowe** | Chapter 13 |
| **Mary N. Rowe** | |
| Debtor(s) | |

**CHAPTER 13 PLAN**

*Check one.* This plan is:

- ■ Original
- ☐ Amended *(Identify First, Second, Third, etc.)*
- ☐ Postconfirmation *(Date Order Confirming Plan Was Entered)*: _____

Date this plan was filed: **November 7, 2018**

## PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ■ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ■ Included | ☐ Not Included |

## PART 2: PLAN LENGTH AND PAYMENTS

**A.    LENGTH OF PLAN:**

- ☐    36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ■    60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

- ☐    ____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

_____

**B.    PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $405.00 | 60 |

C. **ADDITIONAL PAYMENTS:**

*Check one.*

■ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**    **$24,300.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

A. **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
■ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

**(1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    135 Oak Hollow Road Springfield, MA 01128  Hampden County
The Debtor(s) estimates that the fair market value of the Principal Residence is: $   256,925.00

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| -NONE- | | |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**0.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral *(or address of real property)* | Amount of Arrears |
|---|---|---|---|
| -NONE- | | | |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
Total prepetition arrears to be paid through this Plan [(a) + (b)]: $**0.00**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| **Freedom Mortgage Corporation** | **Mortgage** | **135 Oak Hollow Road Springfield, MA 01128  Hampden County** |
| **M&T Credit Services** | **Automobile Loan** | **2016 Jeep Grand Cherokee 40000 miles** |
| **M&T Credit Services** | **Automobile Loan** | **2016 Chrysler 200 32000 miles** |
| **Peoples National Bank** | **Mortgage** | **3120 and 3160 Parish Ridge Road Goreville, IL 62939  Johnson County** |

**B.     MODIFICATION OF SECURED CLAIMS:**

*Check one.*

■     **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

**C.     SURRENDER OF COLLATERAL:**

*Check one.*

■     **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

## PART 4: PRIORITY CLAIMS

*Check one*

☐     **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

■     **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.     DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.     OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $0.00**

**C.     ADMINISTRATIVE EXPENSES:**

   **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| William J. O'Neil | $2,450.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   **(2) OTHER** *(Describe)***:**

| |
|---|
| -NONE- |

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $2,450.00**

   **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| PART 5: | NON PRIORITY UNSECURED CLAIMS |
|---|---|

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
- ■ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

- ☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $__, which the Debtor(s) estimates will provide a dividend of __%.
- ■ Fixed Percentage: each creditor with an allowed claim shall receive no less than **6** % of its allowed claim.

**A.  GENERAL UNSECURED CLAIMS:**                                                      $**115,976.00**

**B.  UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**C.  NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| FedLoan Servicing | Educational | $117,214.00 |
| FedLoan Servicing | Educational | $19,791.00 |
| FedLoan Servicing | Educational | $5,365.00 |
| US Deptartment of Education/Great Lakes | Educational | $71,410.00 |

**D.  CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.  TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

**Total Nonpriority unsecured Claims [A + B + C + D]: $329,756.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: **$19,420.00**

**F.  SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*
- ■ **The executory contract(s) and unexpired leases listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtors). Arrearage payments will be disbursed by the Trustee.**

**A.    REAL PROPERTY LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| -NONE- | | |

**B.    MOTOR VEHICLE LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| -NONE- | | |

**C.    OTHER CONTRACTS OR LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| A T & T Wireless | | $0.00 |

**Total amount of arrears to be paid through this Plan: $0.00**

## PART 7:    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:    NONSTANDARD PLAN PROVISIONS

☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
■    **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*
**Creditors holding claims being paid outside of the plan in whole or in part must submit monthly statements or regular payment coupon books to the debtors.**

## PART 9:    SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Jonathan R. Rowe                         **November 7, 2018**
**Jonathan M. Rowe**                         Date
Debtor

/s/ Mary N. Rowe                             **November 7, 2018**
**Mary N. Rowe**                             Date
Joint Debtor

/s/ William J. O'Neil                        Date    **November 7, 2018**
Signature of attorney for Debtor(s)
**William J. O'Neil**
**548445 MA**
**Upright Law**
**280 North Main Street, Suite 6**
**East Longmeadow, MA 01028**
**(413) 733-6821**

**wjoneil2@verizon.net**

The following Exhibits are filed with this Plan:

- ■ **Exhibit 1: Calculation of Plan Payment***
- ■ Exhibit 2: Liquidation Analysis*
- ☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
- ☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| *List additional exhibits if applicable.* |
|---|
|  |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 9

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$0.00** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$2,450.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$19,420.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$21,870.00** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$24,300.00** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | **$405.00** |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $**405.00** |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following***:**

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin:    _____

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

**A. REAL PROPERTY**

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **135 Oak Hollow Road Springfield, MA 01128 Hampden County** | 256,925.00 | 235,579.00 | 21,346.00 |
| **3120 and 3160 Parish Ridge Road Goreville, IL 62939 Johnson County** | 18,500.00 | 15,849.00 | 12,774.84 |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | $ 275,425.00 |
| **Total Net Equity for Real Property** (*Value Less Liens*): | $ 23,997.00 |
| **Less Total Exemptions for Real Property** (*Sch. C*): | $ 23,997.00 |
| **Amount Real Property Available in Chapter 7:** | $ 0.00 |

**B. MOTOR VEHICLES**

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **2016 Chrysler 200 32000 miles** | 14,136.00 | 29,700.00 | 0.00 |
| **2016 Jeep Grand Cherokee 40000 miles** | 26,429.00 | 35,056.00 | 0.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | $ 40,565.00 |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | $ 0.00 |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | $ 0.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | $ 0.00 |

**C. ALL OTHER ASSETS** (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize*.)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **Household Furnishings** | 5,500.00 | 0.00 | 5,500.00 |
| **Appliances consisting of:**<br>**2 Refrigerators**<br>**Stove**<br>**Microwave**<br>**Washer**<br>**Dryer** | 1,500.00 | 0.00 | 1,500.00 |
| **Television** | 400.00 | 0.00 | 400.00 |
| **Television** | 300.00 | 0.00 | 300.00 |
| **Desktop Computer** | 500.00 | 0.00 | 500.00 |
| **2 Laptop Computers** | 250.00 | 0.00 | 250.00 |
| **iPad** | 200.00 | 0.00 | 200.00 |
| **2 televisions** | 200.00 | 0.00 | 200.00 |
| **Wii Console with games** | 150.00 | 0.00 | 150.00 |
| **XBox 360 with games** | 125.00 | 0.00 | 125.00 |
| **Playstation 3 with games** | 150.00 | 0.00 | 150.00 |
| **Treadmill** | 50.00 | 0.00 | 50.00 |
| **Golf Clubs** | 100.00 | 0.00 | 100.00 |
| **Paintbrushes and Easels** | 20.00 | 0.00 | 20.00 |
| **Smith & Wesson MMP40 with ammunition** | 250.00 | 0.00 | 250.00 |
| **Clothing & Shoes** | 400.00 | 0.00 | 400.00 |
| **Clothing & Shoes** | 500.00 | 0.00 | 500.00 |
| **Wedding Band** | 350.00 | 0.00 | 350.00 |
| **3 Watches** | 60.00 | 0.00 | 60.00 |

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **Wedding Band** | **3,500.00** | **0.00** | **3,500.00** |
| **Costume Jewelry** | **25.00** | **0.00** | **25.00** |
| **Wedding Band** | **50.00** | **0.00** | **50.00** |
| **3 Dogs<br>1 Cat** | **100.00** | **0.00** | **100.00** |
| **Cash** | **10.00** | **0.00** | **10.00** |
| **Cash** | **1.00** | **0.00** | **1.00** |
| **Checking: Bank of America** | **61.92** | **0.00** | **61.92** |
| **Savings: Bank of America** | **6.52** | **0.00** | **6.52** |
| **Checking: Bank of America** | **5.29** | **0.00** | **5.29** |
| **Checking: USAA Federal Savings Bank** | **213.35** | **0.00** | **213.35** |
| **Savings: USAA Federal Savings Bank** | **3.00** | **0.00** | **0.00** |
| **Pension: Department of Defense** | **0.00** | **0.00** | **0.00** |
| **401(k): Bank of America** | **6,918.86** | **0.00** | **6,918.86** |
| **Rent Prepaid: Troy Caver** | **700.00** | **0.00** | **700.00** |
| **Rental deposit: Troy Caver** | **700.00** | **0.00** | **700.00** |
| **Federal: Anticipated 2018 Refund** | **6,000.00** | **0.00** | **6,000.00** |
| **Connecticut: Anticipated 2018 Tax Refund** | **2,400.00** | **0.00** | **2,400.00** |
| **Tricare Health Insurance Beneficiary: N/A** | **0.00** | **0.00** | **0.00** |
| **Blue Cross/Blue Shield of Massachusetts Beneficiary: N/A** | **0.00** | **0.00** | **0.00** |
| **Term Life Insurance Policy Through Bank of America Beneficiary: Jonathan Rowe** | **1.00** | **0.00** | **1.00** |
| **SGLI Term Life Insurance Policy Beneficiary: Mary Rowe** | **1.00** | **0.00** | **1.00** |
| **USAA Term Life Insurance Policy Beneficiary: Mary Rowe** | **1.00** | **0.00** | **1.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 31,702.94** |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | **$ 31,702.94** |
| **Less Total Exemptions for All Other Assets**: | **$ 31,699.94** |
| **Amount of All Other Assets Available in Chapter 7:** | $ 3.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ 3.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | **$ 3.00** |

## E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| |